IN THE MATTER OF THE ESTATE OF GESINA WERNER, DECEASED.

[No. 2,290; decided August 15, 1907.]

Accumulations.—Provisions of a Will for accumulations beyond the period of majority are in this case held void.

Trusts.—The Power of Alienation is Suspended when trustees, acting within the exact limits of the powers granted them, uniting with the beneficiaries cannot convey the fee. Hence, if the power of alienation is, by the terms of a devise, so suspended that during lives in being at the inception of the trust a fee may not be conveyed by the trustees and the beneficiaries, then the trust must be held void.

Application for partial distribution.

Lloyd & Wood, for the petitioners.

Reed, Black & Reed, for the executors.

COFFEY, J. Gesina Werner died in the year 1906 in San Francisco, leaving a last will and testament, admitted to probate, which contained the following trust provision:

"Eighth: I hereby will, devise and bequeath all of my estate of every name, nature and description, wherever the same may be situate, other than the hereinabove devised, to Edwin

Meese and John Hasshagen, in trust nevertheless and to and for the purposes and uses following, to wit:

"To hold and rent the same, collect the income therefrom and apply the same as herein directed. I will and direct that my said trustees make payment unto my grandchildren Ida Hansen, Alice Brough, Mabel Werner, (being the three children of Louis and Louise Werner) Willie Menne and Walter Menne, (being the two children of Albert H. Menne and the deceased Lizzie Menne) in the manner following, to wit: Unto each of my above-named grandchildren who at the date of my death shall have attained the age of twenty-five (25) years the sum of Five Hundred (500) Dollars each respectively and unto each of my above-named grandchildren who shall thereafter and as they shall respectively attain the age of Twenty-five (25) years, the sum of Five Hundred (500) Dollars respectively, and after payment of such bequests shall have been made to each of my said grandchildren then the rest, residue and remainder of my estate shall be divided between my said five grandchildren share and share alike; provided, however, that if any of my said grandchildren shall die unmarried and without child or children before arrival of time of payment of any of the devises and bequests made to them, then and in that case the devise and bequest of every child so dying shall be divided equally among my said surviving grandchildren. Any surplus moneys that may at any time be in the hands of my said trustees they shall safely invest and keep invested until occasion shall arise for use of the same in performance of any of the trusts and devises hereby created, when they shall apply the same, so far as necessary, in the discharge of such trusts and devises.

"And to carry out and accomplish the purposes herein expressed and declared, I will and desire and hereby authorize my said trustees to have and exercise all such powers as shall, in their judgment, be necessary or proper to accomplish any of said purposes.

"I will and direct that my said trustees make the payments and perform the duties at the time and in the manner hereinbefore directed."

The five grandchildren of the deceased are made the residuary legatees of said estate by reason of said trust clause.

Counsel for Willie Menne and Walter Menne, two of said grandchildren, have attacked the validity of said trust clause on the ground that the power of alienation is suspended beyond the lives of persons in being at the time of the creation of the trust. Should this contention be upheld by the court, Ida Hansen, Alice Brough and Mabel Werner, the other three grandchildren, would be cut off entirely in sharing in said estate, and Willie Menne and Walter Menne would receive between them one-half of said estate, and the other half of said estate would go to the parents of said Ida Hansen, Alice Brough and Mabel Werner.

It is conceded that the provisions of the will providing for accumulations beyond the period of majority are void: Civ. Code, sec. 723.

The accumulations thus derived will be distributed among the heirs at law. In the present case one-half of such accumulations will go to Louis Menne, and the other half to Willie Menne and Walter Menne: Civ. Code, sec. 733.

In the matter of the trust clause the petitioners contend that it is invalid, and should be disregarded: Estate of Walkerley, 108 Cal. 627, 49 Am. St. Rep. 97, 41 Pac. 772.

It is the accepted rule that the power of alienation is suspended when the trustees, acting within the exact limits of the powers granted to them, uniting with the beneficiaries cannot convey the fee. Hence, if the power of alienation be, by the terms of the devise, so suspended that during lives in being at the inception of the trust a fee may not be conveyed by the trustees and the beneficiaries, then it follows the trust must be held void.

Here we find a trust to hold during certain lives in being, namely, the five grandchildren of the testatrix, and such a trust would be valid if nothing further followed, and it is to that which follows that the objection is pointed.

The will provides that if any of said grandchildren die unmarried and without children before all the grandchildren reach the age of twenty-five years, then the portion of such dying grandchild shall vest in the survivors. It will at once be notice that the vesting of such interest can only take effect upon the death of the party entitled unmarried and without issue, and hence the death of one of the grandchildren mar-

ried or with issue would necessarily result in the holding of the estate by the trustees beyond the lives in being at the inception of the trust. The trust requires the trustees to hold the estate according to the directions of the will, and in view of such a provision the trustees would continue to hold after the death of a married grandchild, or one dying with issue, and such holding would be beyond lives in being, and there could not have been at the inception of the trust any person in being who could have united with the trustees in conveying a fee.

As a further objection to the trust clause in question, it is urged that the payment of $500 to each of the grandchildren is made to await the arrival of such division at the age of twenty-five years, and the estate cannot be divided until "after payment of such bequests shall have been made to each of my said grandchildren." Hence, it follows that the distribution of the estate is postponed until the arrival of the youngest survivor at the age of twenty-five years, and if, in the meantime, one of the older grandchildren should die married, or leaving issue, the trustees would be obliged to withhold from the widow or children the portion coming to her or them until all the survivors reach the age of twenty-five years, or, in other words, the power of alienation granted to the trustees and coming by inheritance to the widow or issue would be restrained until all the surviving grandchildren reached the prescribed limit. The trustees could not convey a fee, and the widow or children uniting with the trustees would be equally powerless, for the reason that no estate could vest in them until the youngest of the surviving grandchildren had reached the age of twenty-five years.

For the foregoing reasons the court is of the opinion that the prayer of the petitioner should be and it is granted.